UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE DER BOGHOSSIAN, ANDRIA L. CONNELL, ERICA BROWNING, ALISHA JNOBAPTISTE, AND DENISE TEJADA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: |
| **Plaintiffs,** | **PLAINTIFFS' CLASS ACTION COMPLAINT** |
| **VS.** | **JURY TRIAL DEMANDED** |
| CAPELLA UNIVERSITY, LLC and STRATEGIC EDUCATION, INC., | |
| **Defendants.** | |

Plaintiffs, Nicole Der Boghossian, Andria L. Connell, Erica Browning, Alisha JnoBaptiste, and Denise Tejada, Individually and on Behalf of All Others Similarly Situated (collectively "Plaintiffs"), by and through their undersigned counsel, bring this Class Action Complaint against Defendants, Capella University, LLC ("Capella") and Strategic Education, Inc. ("Strategic" and collectively with Capella, "Defendants"), and allege as follows[1]:

## NATURE OF THE ACTION

1.      This lawsuit seeks damages from Defendants for violations of New York Consolidated Laws, General Business Law ("GBL") §§ 349 and 350, fraud, negligent misrepresentations, and restitution for unjust enrichment. Plaintiffs and Class Members are New York state residents who, between 2018 to the present, are or were enrolled in Capella's Doctor of

---

[1] The allegations set forth herein are based on Plaintiffs' personal knowledge as current and former students enrolled in Defendants' doctoral programs made the basis of this action, and upon information and belief based on the investigation conducted by counsel.

Psychology program (the "PsyD" program)[2].

2.    Capella's PsyD program is a doctoral professional program intended to allow graduates to become professional psychologists fully licensed to practice in their respective states of residence.

3.    The New York State Department of Education Office of the Professions (the "Education Department") administers the psychology licensing g program in New York.  Aside from completing the required coursework to earn a doctorate in psychology, candidates seeking licensure in New York state must also complete two (2) years of full-time supervised clinical training field work, providing psychological services to patients. One of the two years of supervised field work must occur after the PsyD candidates have completed all other doctoral degree requirements. *See* N.Y. Educ. Law § 7603.

4.    At Capella, all PsyD candidates perform clinical training field work in two phases: a one-year (minimum 1,000 hours) supervised "practicum" and a one-year (2,000 hours) "pre-doctoral internship." During the last quarter[3] performing the 1,000 hours of practicum clinical training, PsyD candidates sit for the Clinical Competency Evaluation ("CCE") after which PsyD candidates are approved to begin writing their dissertation.

5.    Defendants misrepresented to Plaintiffs and Class Members  that by pursuing a Capella PsyD degree, New York doctoral candidates would be eligible to complete the required

---

[2] As PsyD doctoral candidates at Capella, Plaintiffs and Class Members pursued a professional specialization in either clinical psychology or school psychology. The Capella PsyD doctoral candidates in both specialty tracks are similarly situated, as both specialization programs required candidates to perform a practicum and a pre-doctoral internship for degree completion and required candidates to seek state licensure in order to practice psychology within their state of residence, as set forth herein. Thus, Capella PsyD candidates seeking professional licensure to practice psychology in New York state, in both specialty tracks,  were similarly situated in that they were all harmed by Defendants' conduct in the same manner—they were all induced to enroll and did enroll in Capella's PsyD program in reliance on Defendants' misrepresentations and omissions, and were all precluded from completing their required clinical training hours in the state of New York for purposes of degree completion and to seek state licensure, as set forth herein.

[3] The Capella PsyD program is organized on a quarter system (as opposed to a semester system).

practicum and internship hours in New York state in order to seek New York state licensure. Unfortunately for Plaintiffs and Class Members, this was not the case.

6.       The practice of psychology in New York state is restricted to individuals that are fully licensed or otherwise authorized to practice under the Education Law. *See* N.Y. Educ. Law Sec. 153. In order for PsyD candidates to be authorized to practice as  psychology interns or trainees in New York, they must be completing an internship as part of a New York State-registered or approved doctoral program in psychology, where the internship is part of the degree requirements. *See* N.Y. Educ. Law § 7605 (2).

7.       The PsyD program at Capella is not registered with the Education Department as a PsyD program leading to licensure for practice in New York. Similarly, it is not accredited or approved by the American Psychological Association ("APA"), whose programs meet New York state requirements. Consequently, as was well-known by Defendants, Capella PsyD candidates are not authorized to practice psychology as interns or trainees in New York state under the traditional framework set forth in Section 7605 of the Education Law.

8.       Despite this limitation, Defendants marketed their PsyD program to prospective students seeking licensure in New York state. Defendants concealed from Plaintiffs and Class Members that they would be enrolling in a program that would not afford them the possibility of fulfilling their clinical training hours for purposes of licensure in New York under the traditional framework set forth by the Education Department, and that by selecting the Capella PsyD program they would be choosing a doctoral program characterized by limitations and much uncertainty as their ability to become licensed in New York state.

9.       Instead, Defendants relied on an exemption first set forth in Chapter 676 of the Laws of 2002 and later codified in Section 7605 of the New York Education Law (the

"**Exemption**") that allowed any person employed in certain professional settings defined in the statute, to practice psychology without a license. Under the Exemption, Capella PsyD candidates would presumably be able to fulfill their clinical training in New York state for purposes of licensure. However, Defendants concealed from Plaintiffs and Class Members that the Exemption was subject to periodic review and renewal by the New York State Legislature, and that it could be repealed, leaving Capella PsyD candidates unable complete the required clinical training internship for licensure.

10.    In fact, the Exemption was repealed by the New York State Legislature, effective June 24, 2022, leaving Plaintiffs and Class Members unable to complete their required clinical training internship hours in New York state, and thus, are unable to become licensed psychologists in New York state.

11.    Defendants' misrepresentations and omissions were done in order to induce Plaintiffs and Class Members to enroll in the Capella PsyD program and to remain enrolled in the program—optimistically progressing through three years of required coursework after which candidates believed they would be afforded the opportunity to qualify for placement with an approved clinical training internship site in New York state for purposes of licensure. All the while, Defendants knew but did not disclose to Plaintiffs and Class Members that, by choosing to enroll in the Capella PsyD program, they were selecting a doctoral program characterized by material limitations and much uncertainty as their ability to become licensed in New York state, and that the Exemption, on which performance of the required clinical training in New York state could be repealed at any time.

12.    Had Plaintiffs and Class Members known about the material limitations on their ability to become licensed in New York state and that the Exemption, on which performance of

the required clinical training in New York was premised, could be repealed at any time, they would not have enrolled at Capella.

13. Plaintiffs make the following allegations upon information and belief, pursuant to the investigation of their counsel, except as to the allegations pertaining specifically to themselves, which are based on personal knowledge.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and pursuant to 28 U.S.C. § 1391(d) because Defendants have sufficient contacts with this district to be subject to personal jurisdiction.

## PARTIES

16. Plaintiff Nicole Der Boghossian was at all relevant times a resident of Wappingers Falls, New York, where she attended Capella University online to pursue a Clinical PsyD degree starting in 2019.

17. Plaintiff Alisha JnoBaptiste was at all relevant times a resident of Bronx, New York, where she attended Capella University online to pursue a Clinical PsyD degree starting in 2020.

18. Plaintiff Denise Tejada was at all relevant times a resident of Bronx, New York, where she attended Capella University online to pursue a Clinical PsyD degree starting in 2018.

19. Plaintiff Erica Browning was at all relevant times a resident of Marcy, New York, where she attended Capella University online to pursue a Clinical PsyD degree starting in 2019.

20.    Plaintiff Andria L. Connell was at all relevant times a resident of Staten Island, New York, where she attended Capella University online to pursue a Clinical PsyD degree starting in 2020.

21.    Defendant Capella University, LLC ("Capella") is a private for-profit, online university headquartered in Minneapolis, Minnesota, with its principal place of business at Capella Tower, 225 S. 6th St., Minneapolis, Minnesota 55402. Capella transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Capella has advertised, marketed, distributed, or sold educational products and services to consumers, throughout the United States, including to Plaintiffs and Class Members in the State of New York. Capella and Strategic are collectively referred to as "Defendants" in this Complaint.

22.    Defendant Strategic Education, Inc. ("Strategic") is a publicly traded Maryland corporation with its principal place of business at 2303 Dulles Station Blvd., Herndon, Virginia 20171. Strategic owns several for-profit online schools, including Capella University, LLC. Strategic transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, with respect to the acts and practices of Capella University, LLC identified below, Strategic dominated or controlled those acts and practices, knew of, or approved those acts and practices, and/or benefitted from those acts and practices. Strategic disseminated and/or controlled dissemination of the challenged advertisements.

## FACTS COMMON TO CAUSES OF ACTION

23.    Capella was originally established as The Graduate School of America by Dr. Harold Abel and Stephen Shank in 1993. In 1997, Capella received regional accreditation from the Higher Learning Commission. Pursuant to Capella's stated goal of "education defined by

flexibility," most of the classes are provided online.[4]

24.    In 2004, Capella began offering a PsyD in Clinical Psychology program to its students. This program has not been accredited by the APA or registered with the Education Department as a PsyD program leading to licensure for practice of psychology in New York state.

25.    In 2012, Capella added a PsyD in School Psychology to its list of degree programs for students. Capella's School PsyD program has not been accredited by the APA or registered with the Education Department as a PsyD program leading to licensure for the practice of psychology in New York state. On Capella's official website, the Clinical PsyD and School PsyD programs were touted as "being designed to help [students] pursue licensure,"[5] noting that a "support team of licensure experts, advisors, and teaching assistants will help you stay on track for graduation."[6]

26.    Aside from completing three years of required doctoral coursework, Capella PsyD candidates must also complete a practicum and internship in order to fulfill the requirements for graduation. At Capella, all PsyD candidates perform clinical training field work in two phases: a one-year (minimum 1,000 hours) supervised "practicum" and a one-year (2,000 hours) "pre-doctoral internship."

A.  **New York State Licensure Requirements and the Rise and Fall of the Exemption**

27.    The practice of psychology and the methods for training new psychologists in the state of New York are subject to regulation by the New York State Education Department, codified in N.Y. Educ. Law § 7603.

28.    Aside from completing the required coursework to earn a doctorate in psychology,

---

[4] https://www.capella.edu/ (last visited April 13, 2024).
[5] https://www.capella.edu/online-psychology-degrees/psyd-school-psychology/ (last visited April 13, 2024).
[6] https://www.capella.edu/online-psychology-degrees/psyd-clinical-psychology/ (last visited April 13, 2024).

candidates seeking licensure in New York state must also complete two (2) years of full-time supervised clinical training field work, providing psychological services to patients. One of the two years of supervised field work must occur after the PsyD candidates have completed all other doctoral degree requirements. *See Id*.

29.    In order for PsyD candidates to be authorized to practice as  psychology interns or trainees in New York, they must be completing an internship as part of a New York State-registered or approved doctoral program in psychology, where the internship is part of the degree requirements. *See* N.Y. Educ. Law § 7605(2).

30.    Section 7605 of the New York Education Law outlines various exemptions to the licensure requirement for the practice of psychology in the state. Notably, in Chapter 57 of the Laws of 2013, the New York Legislature amended Section 7605 to include an Exemption that enabled unlicensed psychologists to practice in a limited fashion. The amendment provided, in relevant part, that:

> Nothing in this article shall be construed to affect or prevent… a person without a license from performing assessments such as basic information collection, gathering of demographic data, and informal observations, screening and referral used for general eligibility for a program or service and determining the functional status of an individual for the purpose of determining need for services unrelated to a behavioral health diagnosis or treatment plan. **Such licensure shall not be required to create, develop or implement a service plan unrelated to a behavioral health diagnosis or treatment plan.**

N.Y. Educ. Law § 7605.10 (McKinney), effective April 1, 2013 – June 30, 2014 (emphasis added).

31.    This 2013 version of the Exemption specified that as long a service plan was unrelated to a behavioral health diagnosis, then a person without a license to practice psychology would be able to perform psychological assessments, as well as create, develop, and implement a service plan for a patient.

32.    In 2018, the New York Legislature again amended Section 7605.10, by providing

8

that:

> Nothing in this article shall be construed to affect or prevent… a person without a license from: performing assessments including but not limited to basic information collection, gathering of demographic data, and informal observations, screening and referral used for general eligibility for a program or service and determining the functional status of an individual for the purpose of determining need for services.

N.Y. Educ. Law § 7605.10 (McKinney), effective April 12, 2018 – June 23, 2021.

33.     Importantly, in this 2018 amendment to Section 7605.10, the New York Legislature removed from the Exemption the clause "unrelated to a behavioral health diagnosis" and enacted two new subdivisions to Section 7605.10 in order to account for the removal of that language. The first new subdivision, Section 7605 (12), provides in relevant part that:

> Notwithstanding any other provision of law to the contrary, nothing in this article shall be construed to prohibit or limit the activities or services provided under this article by any person who is employed or who commences employment in a program or service operated, regulated, funded, or approved by the department of mental hygiene, the office of children and family services, or a local governmental unit… or a social services district… **on or before one year from the date that the regulations issued in accordance with section six of the chapter of the laws of two thousand eighteen which added this subdivision appear in the register or are adopted, whichever is later.**

N.Y. Educ. Law § 7605 (12) (McKinney), effective April 12, 2018 – June 23, 2021 (emphasis added).

34.     Hence, this new subdivision from the 2018 laws expanded the Exemption from allowing unlicensed individuals to practice psychology in New York state, as long as the services were "unrelated to a behavioral health diagnosis," to allowing the employees of various New York State funded offices to provide psychological services without a license. Of note, the legislature added an expiration date to this subdivision, stating that the exemption would only remain in effect for one (1) year from the date that the regulations were issued or were adopted, whichever was later. *Id*.

9

35.     Defendants used this Exemption  to actively market, advertise, recruit and enroll prospective PsyD candidates seeking licensure in New York state, misrepresenting to doctoral candidates, including Plaintiffs and Class Members,  that the Capella PsyD program would enable doctoral candidates to fulfill all of the requirements to become licensed to practice psychology in New York state, including the internship requirement, all the while knowing but not disclosing that the Exemption was subject to periodic renewal by the New York State Legislature, and could be revoked before Plaintiffs and Class Members could complete the required practicum and internship hours required to seek New York state licensure.

36.     Indeed in 2021, the New York State Legislature amended Section 7605 (12)  to allow the Exemption to remain in effect for two (2) additional years, providing that:

> Notwithstanding any other provision of law to the contrary, nothing in this article shall be construed to prohibit or limit the activities or services provided under this article by any person who is employed or who commences employment in a program or service operated, regulated, funded, or approved by the department of mental hygiene, the office of children and family services, or a local governmental unit… or a social services district… **on or before two years <u>from the date that the regulations issued </u>in accordance with section six of part Y of chapter fifty-seven of the laws of two thousand eighteen appear in the state register or are adopted, whichever is later.**

N.Y. Educ. Law § 7605 (12) (McKinney), effective June 24, 2021 (emphasis added).

37.     In effect, this amendment constituted the revocation of the Exemption, effective June 24, 2022. As explained by the Education Department:

> Chapter 57 of the Laws of 2018 included amendments to Education Law that extend current exemptions in the licensed social work, mental health, and psychology professions. Per Chapter 159 of the Laws of 2021, these exemptions continue for two years after the Board of Regents adopts regulations to implement the amended law. The regulations were adopted on June 24, 2020 so the exemption ends on June 24, 2022.[7]

---

[7] https://www.op.nysed.gov/temporary-exemption-licensure-psychology (last visited April 13, 2024).

38.     According to the Education Department, "[e]ffective June 24, 2022, an individual must be licensed or authorized (e.g., limited permit holder or student intern) under the Education Law to practice psychology, social work and mental health practice, as defined in Articles 153, 154 and 163 of the Education Law, respectively . . . ."[8] Because the Capella PsyD program is not accredited by the APA or registered with the Education Department as a PsyD program leading to licensure for practice in New York state, absent the Exemption, Capella PsyD candidates are not "authorized" to practice psychology as interns or trainees in New York state.

39.     The Exemption was in fact not renewed and was allowed to expire by the New York State Legislature. Consequently, as of June 24, 2022, all individuals seeking to practice psychology in New York state must be licensed or authorized under the Education Law to practice psychology in order to be employed in a program or service that offers psychological services.

40.     The Capella PsyD program is not accredited by the APA or registered with the Education Department as a PsyD program leading to licensure for practice in New York state. Thus, absent the Exemption, Capella PsyD candidates are not authorized to practice psychology as interns or trainees in New York state under the traditional framework set forth in Section 7605 of the Education Law.

41.     Consequently, Plaintiffs and Class Members cannot complete the practicum and internship clinical training hours in New York state, required to complete their PsyD degree and to seek New York state licensure.

**B. Defendants' Misrepresentations and Omissions About the Ability of Plaintiffs and Class Members to Become Licensed Psychologists in New York State**

42.     Plaintiffs and Class Members chose to enroll in  Defendants' PsyD program, in reliance on Defendants' advertisements, representations and omissions that conveyed the message

---

[8] https://www.op.nysed.gov/temporary-exemption-licensure-psychology (last visited April 13, 2024).

that Capella PsyD candidates, such as Plaintiffs and Class Members, would be able to complete the practicum and internship clinical training hours required to earn their PsyD degree and seek licensure in New York state. *See* N.Y. Educ. Law § 7603.

43.     Upon information and belief, based on an investigation by counsel, these representations and omissions were communicated to Plaintiffs and Class Members by Defendants, its employees, representatives and/or agents, including Capella Administrators, Enrollment Advisors, Academic Advisors, Dissertation Mentors, Student Success Coaches, counselors, professors, among others, and through advertisements, websites, brochures, student handbooks and other materials produced by Defendants, its employees, representatives and/or agents.

44.     For instance, at all relevant times, Defendants advertised on the Capella website that the PsyD in Clinical Psychology program "includes coursework, face-to-face residencies, clinical practicum, internships, and research to help you put theory into practice."[9]

45.     In addition, at all relevant times, Defendants represented on the Capella website that the Clinical PsyD program "features online coursework and face-to-face experiences, both designed to help you pursue licensure."[10]

46.     Similarly, at all relevant times, Capella's webpage for its PsyD in School Psychology program advertised that doctoral candidates would "[d]evelop your expertise through online coursework, graduate teaching, clinical practicum, and internships."[11]

47.     In addition, at all relevant times, Defendants advertised on the webpage for Capella's School PsyD program that students would be able to "apply your skills and knowledge

---

[9] https://www.capella.edu/online-psychology-degrees/psyd-clinical-psychology/ (last visited April 13, 2024).
[10] https://www.capella.edu/online-psychology-degrees/psyd-clinical-psychology/ (last visited April 13, 2024).
[11] https://www.capella.edu/online-psychology-degrees/psyd-clinical-psychology/ (last visited April 13, 2024).

with direct client contact and supervision, in both a part-time practicum and a full-time internship."[12]

48.    As explained in further detail below, these representations omit material information regarding students seeking licensure in New York state, misrepresenting their ability to qualify for clinical training placements in New York state, as required for degree completion and to seek state licensure in New York.

49.    Further, upon information and belief, based on the investigation by counsel, Defendants' agents and representatives, such as Capella Administrators, Enrollment Advisors, Academic Advisors, Dissertation Mentors, Student Success Coaches, counselors, professors, among others, informed the Plaintiffs and Class Members, prior to enrollment in the Capella PsyD program and during the course of their studies, that the Plaintiffs and Class Members would qualify to complete their required practicum and internship hours in the state of New York.

50.    As explained in further detail below, Defendants, their employees, representatives and/or agents made these representations and omissions to Plaintiffs and Class Members without informing Plaintiffs and Class Members about the Exemption, its revocable status, and the fact that it was the sole mechanism through which Capella PsyD candidates could perform the required practicum and internship hours in New York in order to seek New York State licensure.

**C. Defendants Knew Their Representations Regarding New York State Licensure Were False and Concealed From Plaintiffs and Class Members That the Exemption Was Subject to Periodic Renewal and Was Not Being Renewed in 2022**

51.    Upon information and belief, based on the investigation by counsel, Defendants and their employees, representatives and/or agents were aware that the Exemption would expire while Plaintiffs and Class Members were enrolled in the Capella PsyD program, foreclosing their

---

[12] https://www.capella.edu/online-psychology-degrees/psyd-clinical-psychology/ (last visited April 13, 2024).

ability to complete the required practicum and internship hours, but concealed this fact and continued to represent to Plaintiffs and Class Members that there would be no issues with their ability to complete their required clinical training in New York.

52.      At all relevant times, Defendants advertised on the Capella website that the PsyD in Clinical Psychology ("Clinical PsyD") program "includes coursework, face-to-face residencies, clinical practicum, internships, and research to help you put theory into practice." Capella's website also stated at all relevant times that the Clinical PsyD program "features online coursework and face-to-face experiences, both designed to help you pursue licensure." Similarly, at all relevant times, Defendants advertised on the Capella webpage for its PsyD in School Psychology ("School PsyD") program, that students would, "[d]evelop your expertise through online coursework, graduate teaching, clinical practicum, and internships." Further, at all relevant times, Defendants advertised on the Capella webpage for the School PsyD program that students would be able to "apply your skills and knowledge with direct client contact and supervision, in both a part-time practicum and a full-time internship." As explained in further detail below, these statements misrepresent and omit material information regarding PsyD candidates located in New York state and their ability to lawfully complete the required clinical training in New York.

53.      Defendants, their employees, representatives and/or agents, such as Capella Administrators, Enrollment Advisors, Academic Advisors, Dissertation Mentors, Student Success Coaches, counselors, professors, among others, informed Plaintiffs and Class Members prior to enrollment and during the course of their studies that Plaintiffs and Class Members would qualify to perform their clinical training in New York, misrepresenting that the only caveat was that such clinical trainings would need to be performed at a training site that received New York State funding.

54.    Defendants, their employees, representatives and/or agents made these representations to Plaintiffs and Class Members repeatedly, without informing Plaintiffs and Class Members about the Exemption, its revocable status, and the fact that it was the **sole mechanism** through which Capella PsyD candidates could perform the required practicum and internship hours in New York in order to seek New York State licensure.

55.    Upon information and belief, based on investigation by counsel, at all relevant times, Defendants, their employees, representatives and/or agents, were aware about the Exemption, its revocable status and the fact that it was set to expire effective June 24, 2022— while Plaintiffs and Class Members were enrolled in Capella's PsyD program actively pursuing their clinical trainings in New York state. Nonetheless, Defendants, their employees, representatives and/or  agents did not disclose this information and continued to represent to Plaintiffs and Class Members that they could perform the required practicum and internship hours in New York purposes of degree completion and to seek New York State licensure.

56.    Upon information and belief, based on the investigation by counsel, prior to the time that Plaintiffs and Class Members enrolled in Capella's PsyD program, and/or during their time enrolled as Capella PsyD candidates, Defendants knew about the Exemption and that it was set to expire on June 24, 2022.

57.    Upon information and belief, based on the investigation by counsel, on or about June 9, 2022, Dr. Joshua Stanley, Dean of the School of Social and Behavioral Sciences at Capella, held a meeting on Zoom with the Assistant Dean, the Chair of the Psychology Department at Capella, and the respective Directors of Clinical Training for the Clinical PsyD and School PsyD programs. In this meeting, Dr. Stanley instructed the Clinical PsyD and School PsyD faculty in attendance not to inform the New York PsyD candidates about the Exemption and its impending

expiration.

58.    Upon information and belief, based on the investigation by counsel, during the meeting held on June 9, 2022, Dr. Stanley instructed the Directors of Clinical Training for the Clinical PsyD and School PsyD programs that, in the event they were asked about the Exemption by New York PsyD candidates,  to tell them that, "the lawyers are working on it," and provide no further information.

59.    Upon information and belief, based on the investigation by counsel, on or about April 6, 2023, almost ten (10) months after Dr. Stanley met with the Clinical PsyD and School PsyD faculty to instruct them not to inform the New York PsyD candidates about the Exemption expiration, Capella finally informed the Clinical PsyD and School PsyD students, via email, about the Exemption and its expiration.  In this email communication, Defendants informed New York PsyD candidates that they were required to stop any ongoing  practicums and internships immediately, as they were no longer authorized to engage in the practice of psychology in New York state.

60.    As a result of Defendants' fraudulent actions, misrepresentations and omissions, Plaintiffs and Class Members were forced to relinquish the clinical training placements they had already secured and/or were rejected from each practicum and/or internship clinical training site that they applied to—rendering Plaintiffs and Class Members unable to complete their Capella PsyD program and unable to seek licensure in New York state.

61.    Plaintiffs and Class Members paid tuition and other education-related costs toward a PsyD degree that they are prohibited from completing.

62.    Upon information and belief, based on the investigation by counsel, Defendants have made no real attempts to offer Plaintiffs and Class Members a viable solution for completion

16

of their PsyD degree program and to seek licensure in New York state.[13]

63.     Plaintiffs' claims presented herein rise to the level of plausibility set forth in *Bell Atlantic Corp. v. Twombly* and Federal Rule of Civil Procedure 9(b) by asserting the who, what, when, where and how of the misconduct which proximately caused Plaintiffs' and Class Members' damages: The **"who"** (Defendants, their employees, representatives and/or agents, including Capella Administrators, Enrollment Advisors, Academic Advisors, Dissertation Mentors, Student Success Coaches, counselors and professors); the **"what"** (material misrepresentations and omissions regarding the ability of Capella PsyD candidates to complete the required practicum and internship clinical training in New York state for purposes of degree completion and licensure in New York state); the **"when"** (between 2018 and 2023); the **"where"** (in Defendants' websites, emails, brochures, charts, advertisements and other printed and digital communications; during telephonic and online video communications; in-person during admissions events, interviews and student courses and residencies); and the **"how"** (by misrepresenting that Capella PsyD candidates would be able to complete their practicum and internship clinical trainings in New York state, for purposes of degree completion and New York State licensure, as long as students secured positions at clinical training sites that received New York State funding, and materially omitting the fact that Capella PsyD candidates' ability to complete their clinical trainings in New York state was dependent on the continuation of the Exemption that was subject to revocation by the New York State Legislature). *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); Fed. R. Civ. P. 9(b).

---

[13] Upon information and belief, based on the investigation by counsel, Defendants have suggested to Plaintiffs and Members of the Class that they should consider relocating to another state that allows PsyD candidates from non-approved programs to engage in the practice of psychology, in order to secure an internship site. Defendants have also suggested Plaintiffs and Class Members switch into a different doctoral program that does not require the completion clinical training hours or lead to state licensure. However, almost none of the credits earned in the PsyD program would transfer into another Capella doctoral program, effectively forcing Plaintiffs and Class Members to restart their doctoral education and to expend significant additional time and money in pursuing a new doctoral program.

## PLAINTIFFS' EXPERIENCES AS DOCTORAL CANDIDATES AT CAPELLA

### A. Plaintiff Nicole Der Boghossian

64.    Plaintiff Nicole Der Boghossian ("Plaintiff Der Boghossian") is a doctoral student in Capella's Clinical PsyD program who enrolled at Capella approximately April 2019. Prior to enrolling at Capella, starting approximately October 2018, Plaintiff Der Boghossian researched the Clinical PsyD program on Capella's website and encountered several statements by Defendants that communicated the message that by enrolling in Capella's PsyD program, she would qualify to perform the practicum and internship clinical training hours required to complete the PsyD degree and to seek licensure in her home state.

65.    Prior to enrolling at Capella, starting approximately October 2018, Plaintiff Der Boghossian began communicating with a female Capella Enrollment Advisor, via telephone and email, about how her professional goals could be served by enrolling in the Capella PsyD program. In these telephonic and email communications, which occurred between October and December 2018, Plaintiff Der Boghossian communicated to the female Capella Enrollment Advisor her goal to become licensed to practice clinical psychology in New York state. The female Capella Enrollment Advisor informed Plaintiff Der Boghossian that "Capella's PsyD curriculum aligned with the requirements for professional licensing in New York state" and that "Capella learners" are able to complete the required clinical training hours required for licensure in New York, as long as they "complete their internship and practicum at a site that receives state funding" noting that "Capella's PsyD program [is] [d]esigned to prepare learners for license as Licensed Psychologist." In addition, during their email communications, the Capella female Enrollment Advisor provided Plaintiff Der Boghossian with a copy of the Capella PsyD in Clinical Psychology Course Alignment sheet, which reinforced the message that Capella's PsyD curriculum met the

requirements for licensure in New York state and highlighted that Capella PsyD candidates would be able to complete the required clinical training provided the training site is "one that receives state funding." At no time during her telephonic and email communications with the Capella female Enrollment Advisor prior to enrollment, was Plaintiff Der Boghossian informed that the ability of Capella PsyD candidates to perform the required practicum and internship in New York state was dependent on the Exemption, which was subject to periodic renewal by the New York State Legislature and which could be revoked before completion of the required practicum and internship hours required for degree completion and to seek New York State licensure.

66.    In addition, prior to enrolling at Capella, on approximately January 25, 2019, Plaintiff Der Boghossian attended a required full-day in-person interview session in Dallas, Texas, where she met with Capella faculty and staff to discuss the PsyD program and how it aligned with her professional goals. As part of the admissions process, Plaintiff Der Boghossian was required to write a Goal Statement, in which she discussed her desire to "utilize the knowledge and experience received from the doctoral program at Capella to successfully complete the licensure requirements in New York State, so I can move on to my next goal, obtaining a psychologist license." At the full-day admissions event, Plaintiff Der Boghossian was formally interviewed by Dr. Ivan Martinez, a professor of psychology and Director of Clinical Practice at Capella. During the interview, Dr. Martinez discussed Plaintiff Der Boghossian's goal of becoming a licensed clinical psychologist in New York state. At no point during the interview, did Dr. Martinez inform Plaintiff Der Boghossian that if she enrolled in Capella's PsyD program, her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, would depend on an Exemption that was subject to review and revocation by the New York State Legislature.

67.    Further, during her time enrolled as a PsyD candidate at Capella, Plaintiff Der Boghossian was assigned several Academic Advisors, including Aaron Goedtke and Michael Haugen, and a Dissertation Mentor, Dr. Weston Edwards, with whom she communicated periodically, online via zoom and by email and telephone, about her professional goals and course progression. Plaintiff Der Boghossian discussed with Dr. Edwards and Messrs. Goedtke and Haugen her professional goal of becoming a clinical psychologist licensed in New York state. At no time during these communications did Dr. Edwards or Messrs. Goedtke and Haugen inform Plaintiff Der Boghossian that her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022.

68.    Prior to the revocation of the Exemption, Plaintiff Der Boghossian had been completing her practicum clinical training with the Dutchess County Department of Behavioral and Community Health. Unfortunately, because of the revocation of the Exemption, Plaintiff Der Boghossian was not allowed to continue her practicum clinical training at this site. In addition, Plaintiff Der Boghossian had already secured an internship position with the Anderson Center for Autism, in Staatsburg, New York, which she was set to begin upon completion of her practicum. Because of the revocation of the Exemption, Anderson Center for Autism withdrew its offer of an internship position. Subsequently, Plaintiff Der Boghossian attempted to secure a clinical training position at various other sites in New York state, including at the Rockland Psychiatric Center in Orangeburg, New York and at the City of New York's YAI National Institute for People with Disabilities, but was ultimately rejected because of the revocation of the Exemption. Plaintiff Der Boghossian was unable to secure placement at any other clinical training site in New York and

consequently has been unable to complete the Capella PsyD degree program or seek New York State licensure.

69.    When the Exemption was revoked, Plaintiff Der Boghossian had performed approximately 900 hours of practicum clinical training, with approximately 100 hours remaining for full completion. The revocation of the Exemption foreclosed Plaintiff Der Boghossian's ability to fulfill the remaining requirements for degree completion and to seek New York State licensure: she was unable to sit for the Clinical Competency Evaluation (taken during the last quarter of the practicum), which is a Capella pre-requisite for approval to begin the dissertation writing process and was unable to complete the required 2,000 hours of internship clinical training in New York.

70.    Plaintiff Der Boghossian has paid approximately $110,000 in tuition and fees to pursue Capella's PsyD program. Plaintiff Der Boghossian reasonably relied on Defendants' misrepresentations and omissions regarding the ability of Capella PsyD candidates to perform the required practicum and internship hours in New York state in deciding to enroll and in choosing to remain a student at Capella. As a result of Defendant's fraudulent actions, misrepresentations and omissions, Plaintiff Der Boghossian was induced to enroll at Capella and to continue attending Capella despite Defendants' knowledge that Plaintiff Der Boghossian would not qualify to complete the practicum and internship clinical training in New York state, for purposes of degree completion and licensure, because the Exemption was revoked effective June 24, 2022.

71.    Plaintiff Der Boghossian would not have enrolled in the Capella Clinical PsyD program had she known that the ability of Capella PsyD candidates to fulfill their practicum and internship clinical training requirement in New York state was dependent on an Exemption that was subject to revocation by the New York State Legislature, and which was ultimately revoked.

**B. Plaintiff Alisha JnoBaptiste**

72. Plaintiff Alisha JnoBaptiste ("Plaintiff JnoBaptiste") was a doctoral student in Capella's Clinical PsyD program who enrolled at Capella approximately October 2020. Prior to enrolling at Capella, starting approximately April 2020, Plaintiff JnoBaptiste researched the Clinical PsyD program on Capella's website and encountered several statements by Defendants that communicated the message that by enrolling in Capella's PsyD program, she would qualify to perform the practicum and internship clinical training hours required to complete the PsyD degree and to seek licensure in her home state.

73. Prior to enrolling at Capella, starting approximately April 2020, Plaintiff JnoBaptiste began communicating with Senior Enrollment Counselor Sara Bakke, via telephone and email, about how her professional goals could be served by enrolling in the Capella PsyD program. During these telephonic and email communications, which occurred between April and October 2020, Plaintiff JnoBaptiste communicated to Ms. Bakke her goal to become licensed to practice clinical psychology in New York state. Ms. Bakke informed Plaintiff JnoBaptiste that "Capella's PsyD curriculum aligned with the requirements for professional licensing in New York state" and that "Capella learners" are able to complete the required clinical training hours required for licensure in New York, as long as they "complete their internship and practicum at a site that receives state funding" noting that "Capella's PsyD program [is] [d]esigned to prepare learners for license as Licensed Psychologist." In addition, during their email communications, Ms. Bakke provided Plaintiff JnoBaptiste with a copy of the Capella PsyD in Clinical Psychology Course Alignment sheet, which reinforced the message that Capella's PsyD curriculum met the requirements for licensure in New York state and highlighted that Capella PsyD candidates would be able to complete the required clinical training provided the training site is "one that receives

state funding." At no time during the telephonic and email communications with Ms. Bakke prior to enrollment, was Plaintiff JnoBaptiste informed that the ability of Capella PsyD candidates to perform the required practicum and internship in New York state was dependent on the Exemption, which was subject to periodic renewal by the New York State Legislature and which could be revoked before completion of the required practicum and internship hours required for degree completion and to seek New York State licensure.

74.    In addition, prior to enrolling at Capella, on approximately July 15, 2020, Plaintiff JnoBaptiste attended a required full-day interview session (held virtually online because of the COVID-19 pandemic), where Plaintiff JnoBaptiste met with Capella faculty and staff to discuss the PsyD program and how it aligned with her professional goals. As part of the admissions process, Plaintiff JnoBaptiste was required to write a Goal Statement, in which she discussed her desire to enroll in the Capella Clinical PsyD program to complete the licensure requirements in New York State to obtain a New York State psychologist license. During the virtual admissions event, Plaintiff JnoBaptiste was formally interviewed by Dr. Ivan Martinez, professor of psychology and Director of Clinical Practice at Capella. During the interview, Dr. Martinez discussed Plaintiff JnoBaptiste's goal of becoming a licensed clinical psychologist in New York state.  During the interview, Dr Martinez told Plaintiff JnoBaptiste that, "as a Capella PsyD candidate you will be able to fulfill the requirements to become licensed in New York state." At no point during the interview, did Dr. Martinez inform Plaintiff JnoBaptiste that if she enrolled in Capella's PsyD program, her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, would depend on an Exemption that was subject to review and revocation by the New York State Legislature.

75.    Further, during her time enrolled as a PsyD candidate at Capella, Plaintiff

JnoBaptiste was assigned several Academic Advisors, including Rachel Nihart, Ted O'Neil and Michael Haugen, with whom she communicated periodically, by email and telephone, about her professional goals and course progression. Plaintiff JnoBaptiste discussed with Ms. Nihart and Messrs. O'Neil and Haugen her professional goal of becoming a clinical psychologist licensed in New York state. At no time during these communications, did Ms. Nihart or Messrs. O'Neil and Haugen inform Plaintiff JnoBaptiste that her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022. In addition, Plaintiff JnoBaptiste was assigned several Dissertation Mentors, including Dr. Rebecca Loehrer and Dr. LaKeita Carter. Plaintiff JnoBaptiste communicated with Dr. Loehrer (in-person during her residencies held in Jacksonville, Florida approximately August 2021 and in Phoenix Arizona approximately June 2021) and with Dr. Carter (in-person during her residencies held in Phoenix, Arizona approximately June 2022) about her desire to become licensed in New York state. Both Dr. Loehrer and Dr. Carter communicated to Plaintiff JnoBaptiste the message that Capella PsyD candidates would qualify to become licensed in New York state so long as they completed their clinical training at program sites that received New York State funding. At no time during these in-person communications did Drs. Loehrer and Carter inform Plaintiff JnoBaptiste that her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022.

76.    Prior to the revocation of the Exemption, Plaintiff JnoBaptiste had secured a placement to perform her practicum at the YAI National Institute for People with Disabilities in

Manhattan, New York. Because of the revocation of the Exemption, the YAI National Institute for People with Disabilities withdrew its offer of an internship position. Plaintiff JnoBaptiste was unable to secure placement at any other clinical training site in New York and consequently has been unable to complete the Capella PsyD degree program or seek New York State licensure.

77. When the Exemption was revoked, Plaintiff JnoBaptiste had not started performing the required 1,000 hours of practicum clinical training. The revocation of the Exemption foreclosed Plaintiff JnoBaptiste's ability to fulfill the remaining requirements for degree completion and to seek New York State licensure: she was unable to sit for the Clinical Competency Evaluation (taken during the last quarter of the practicum), which is a Capella pre-requisite for approval to begin the dissertation writing process and was unable to complete the required 2,000 hours of internship clinical training in New York.

78. Plaintiff JnoBaptiste has paid approximately $130,000 in tuition and fees to pursue Capella's PsyD program. Plaintiff JnoBaptiste reasonably relied on Defendants' misrepresentations and omissions regarding the ability of Capella PsyD candidates to perform the required practicum and internship hours in New York state in deciding to enroll and in choosing to remain a student at Capella. As a result of Defendant's fraudulent actions, misrepresentations and omissions, Plaintiff JnoBaptiste was fraudulently induced to enroll at Capella and to continue attending Capella despite Defendants' knowledge that Plaintiff JnoBaptiste would not qualify to complete the practicum and internship clinical training in New York state, for purposes of degree completion and licensure, because the Exemption was revoked effective June 24, 2022.

79. Plaintiff JnoBaptiste would not have enrolled in the Capella Clinical PsyD program had she known that the ability of Capella PsyD candidates to fulfill their practicum and internship clinical training requirement in New York state was dependent on an Exemption that was subject

to revocation by the New York State Legislature, and which was ultimately revoked.

    **C. Plaintiff Denise Tejada**

    80.    Plaintiff Denise Tejada ("Plaintiff Tejada") was a doctoral student in Capella's Clinical PsyD program who enrolled at Capella approximately October 2019. Prior to enrolling in the Capella Clinical PsyD program, starting approximately September 2018, Plaintiff Tejada began researching the Clinical PsyD program on Capella's website and encountered several statements by Defendants that communicated the message that by enrolling in Capella's PsyD program, she would qualify to perform the practicum and internship clinical training hours required to complete the PsyD degree and to seek licensure in her home state.

    81.    Prior to enrolling in Capella's PsyD program, starting approximately September 2018, Plaintiff Tejada began communicating with Associate Enrollment Counselor Will Williams, via telephone and email, about how her professional goals could be served by enrolling in the Capella PsyD program. During these telephonic and email communications, which occurred between September and December 2018, Plaintiff Tejada communicated to Mr. Williams her goal to become licensed to practice clinical psychology in New York state. Mr. Williams told Plaintiff Tejada that "Capella PsyD candidates can complete the requirements to seek New York State licensure." In addition, in approximately October 2018 Mr. Williams communicated to Plaintiff Tejada that "Capella's PsyD curriculum aligned with the requirements for professional licensing in New York state" and that "Capella learners" are able to complete the required clinical training hours required for licensure in New York, as long as they "complete their internship and practicum at a site that receives state funding" noting that "Capella's PsyD program [is] [d]esigned to prepare learners for license as Licensed Psychologist." In addition, during their email communications, Mr. Williams provided Plaintiff Tejada with a copy of the Capella PsyD in Clinical Psychology

Course Alignment sheet, which reinforced the message that Capella's PsyD curriculum met the requirements for licensure in New York state and highlighted that Capella PsyD candidates would be able to complete the required clinical training provided the training site is "one that receives state funding." At no time during the telephonic and email communications with Mr. Williams prior to enrollment was Plaintiff Tejada informed that the ability of Capella PsyD candidates to perform the required practicum and internship in New York state was dependent on the Exemption, which was subject to periodic renewal by the New York State Legislature and which could be revoked before completion of the required practicum and internship hours required for degree completion and to seek New York state licensure.

82.    In addition, prior to enrolling at Capella, on approximately June 21, 2019, Plaintiff Tejada attended a required full-day in-person interview session in Phoenix Arizona, where she met with Capella faculty and staff to discuss the PsyD program and how it aligned with her professional goals. As part of the admissions process, Plaintiff Tejada was required to write a Goal Statement, in which she discussed her desire to enroll in the Capella Clinical PsyD program to complete the licensure requirements in New York State to obtain a New York State psychologist license. During the full-day admissions event, Plaintiff Tejada was formally interviewed by Dr. David Sarnoff, a doctoral professor at Capella. During the interview, Dr. Sarnoff discussed Plaintiff Tejada's goal of becoming a licensed clinical psychologist in New York state. At no point during the interview, did Dr. Sarnoff inform Plaintiff Tejada that if she enrolled in Capella's PsyD program, her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, would depend on an Exemption that was subject to review and revocation by the New York State Legislature. In addition, during the interview day, Plaintiff Tejada met and spoke with Dr. Ja'Net Howard, Director of Clinical Training, regarding her goal of becoming a licensed

clinical psychologist in New York state. During the conversation Dr. Howard told Plaintiff Tejada "yes, Capella PsyD students can absolutely get licensed to practice in New York."

83.    Further, during her time enrolled as a PsyD candidate at Capella, Plaintiff Tejada was assigned an Academic Advisor, Aaron Goedtke, with whom she communicated periodically, by email and telephone, about her professional goals and course progression. Plaintiff Tejada discussed with Mr. Goedtke her professional goal of becoming a clinical psychologist licensed in New York state. In addition, Plaintiff Tejada was assigned a Dissertation Mentor, Dr. Rebecca Loehrer, with whom Plaintiff Tejada communicated telephonically, via email, and in-person during her residencies held in Denton, Texas, Dallas Texas; Jacksonville, Florida; and Phoenix Arizona, which occurred between June 2021 and June 2022. During the residencies Plaintiff Tejada discussed with Dr. Loehrer her professional goal of becoming a clinical psychologist licensed in New York state. Dr. Loehrer told Plaintiff Tejada that Capella PsyD candidates are qualified to become licensed in New York and that "clinical trainings typically need to be performed at a site that receives state funding." At no time during these communications with Mr. Goedtke and Dr. Loehrer did either inform Plaintiff Tejada that her ability to perform the required clinical training in New York state, for purposes of degree completion and state licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022.

84.    Prior to the revocation of the Exemption, Plaintiff Tejada had been completing her practicum clinical training with Giving Hope, LLC in Mt. Vernon, New York, and was in the process of transferring to another practicum site, with the private practice of Dr. Megan Jackson Miller in Bronx, New York, where she was set to begin April 10, 2023. In fact, Dr. Jackson Miller had offered Plaintiff Tejada the possibility of remaining at this site to complete her internship

clinical training after practicum. Because of the revocation of the Exemption, Plaintiff Tejada was not able to perform her clinical trainings at this site.  Plaintiff Tejada was unable to secure placement at any other clinical training site in New York and consequently has been unable to complete the Capella PsyD degree program or seek New York State licensure.

85.    When the Exemption was revoked, Plaintiff Tejada had performed approximately 840 hours of practicum clinical training, with approximately 160 hours remaining for full completion. The revocation of the Exemption foreclosed Plaintiff Tejada's ability to fulfill the remaining requirements for degree completion and to seek New York State licensure: she was unable to sit for the Clinical Competency Evaluation (taken during the last quarter of the practicum), which is a Capella pre-requisite for approval to begin the dissertation writing process and was unable to complete the required 2,000 hours of internship clinical training in New York.

86.    Plaintiff Tejada has paid approximately $125,000 in tuition and fees to pursue Capella's PsyD program. Plaintiff Tejada reasonably relied on Defendants' misrepresentations and omissions regarding the ability of Capella PsyD candidates to perform the required practicum and internship hours in New York state in deciding to enroll and in choosing to remain a student at Capella. As a result of Defendant's fraudulent actions, misrepresentations and omissions, Plaintiff Tejada was induced to enroll at Capella and to continue attending Capella despite Defendants' knowledge that Plaintiff Tejada would not qualify to complete the practicum and internship clinical training in New York state, for purposes of degree completion and licensure, because the Exemption was revoked effective June 24, 2022.

87.    Plaintiff Tejada would not have enrolled in the Capella Clinical PsyD program had she known that the ability of Capella PsyD candidates to fulfill their practicum and internship clinical training requirement in New York state was dependent on an Exemption that was subject

to revocation by the New York State Legislature, and which was ultimately revoked.

**D.  Plaintiff Erica Browning**

88.     Plaintiff Erica Browning ("Plaintiff Browning") was a doctoral student in Capella's Clinical PsyD program who enrolled at Capella approximately April 2019. Prior to enrolling in Capella, starting approximately September 2018, Plaintiff Browning began researching the Clinical PsyD program on Capella's website and encountered several statements by Defendants that communicated the message that by enrolling in Capella's PsyD program, she would qualify to perform the practicum and internship clinical training hours required to complete the PsyD degree and to seek licensure in her home state, including Capella's "Roadmap to Licensure" portal, which identified New York State as one of the jurisdictions that accepted Capella PsyD candidates for licensure, so long as the required clinical training was performed at a site that received State funding.

89.     Prior to enrolling at Capella, on approximately Sept. 4, 2018, Plaintiff Browning began communicating with Enrollment Advisor Tammy Peterson, via telephone and email, about how her professional goals could be served by enrolling in the Capella PsyD program. During these telephonic and email communications, which occurred between September 2018 and April 2019, Plaintiff Browning communicated to Ms. Peterson her goal to become licensed to practice clinical psychology in New York state. Ms. Peterson communicated to Plaintiff Browning that "Capella's PsyD curriculum aligned with the requirements for professional licensing in New York state" and that "Capella learners" are able to complete the required clinical training hours required for licensure in New York, as long as they "complete their internship and practicum at a site that receives state funding" noting that "Capella's PsyD program [is] [d]esigned to prepare learners for license as Licensed Psychologist." In addition, during their email communications, Ms. Peterson

provided Plaintiff Browning with a copy of the Capella PsyD in Clinical Psychology Course Alignment sheet, which reinforced the message that Capella's PsyD curriculum met the requirements for licensure in New York state and highlighted that Capella PsyD candidates would be able to complete the required clinical training provided the training site is "one that receives state funding." At no time during the telephonic and email communications with Ms. Peterson prior to enrollment, was Plaintiff Browning informed that the ability of Capella PsyD candidates to perform the required practicum and internship in New York state was dependent on the Exemption, which was subject to periodic renewal by the New York State Legislature and which could be revoked before completion of the required practicum and internship hours required for degree completion and to seek New York state licensure.

90.     In addition, prior to enrolling at Capella, on approximately January 25, 2019, Plaintiff Browning attended a required full-day in-person interview session held in Dallas, Texas, where she met with Capella faculty and staff to discuss the PsyD program and how it aligned with her professional goals. At this admissions event, Plaintiff Browning was formally interviewed by several faculty members including Dr. Ivan Martinez, professor of psychology and Director of Clinical Training, and Dr. Andy Brown, adjunct professor of psychology at Capella. During the interviews, Dr. Martinez and Dr. Brown discussed Plaintiff Browning's goal of becoming a licensed clinical psychologist in New York state.  At no point during the interview, did Dr. Martinez and Dr. Brown inform Plaintiff Browning that if she enrolled in Capella's PsyD program, her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, would depend on an Exemption that was subject to review and revocation by the New York State Legislature.

91.     Further, during her time enrolled as a PsyD candidate at Capella, Plaintiff Browning

was assigned several Academic Advisors, including Aaron Goedtke, Michael Haugen and Chaz Diaz, with whom she communicated periodically, by email and telephone, about her professional goals and course progression. Plaintiff Browning discussed with Messrs. Goedtke and Haugen and Ms. Diaz her professional goal of becoming a clinical psychologist licensed in New York state. At no time during these communications, did Messrs. Goedtke and Haugen or Ms. Diaz inform Plaintiff Browning that her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022. In fact, in response to one such telephonic conversation on April 22, 2019, Mr. Haugen sent a follow-up email to Plaintiff Browning the next day, which contained a copy of the Capella PsyD in Clinical Psychology Course Alignment sheet, which reinforced the message that Capella's PsyD curriculum met the requirements for licensure in New York state and highlighted that Capella PsyD candidates would be able to complete the required clinical training provided the training site is "one that receives state funding." In addition, during her time enrolled in the Capella PsyD program, Plaintiff Browning also communicated with Capella psychology department faculty members, Dr. Amy Donovan, Dr. Gerry Koocher and Dr. Irene Abrego Nicolet, via email, regarding her professional goal of becoming a clinical psychologist licensed in New York state. At no time during these communications did Drs. Donovan, Koocher and Nicolet inform Plaintiff Browning that her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022.

92.    Prior to the revocation of the Exemption, Plaintiff Browning had been completing

her practicum clinical training with Upstate Caring Partners, in Chadwicks, New York. Because of the revocation of the Exemption, Plaintiff Browning was not allowed to complete her practicum clinical training at this site.  In addition, Plaintiff Browning had already secured an internship position with the Kelberman Center, in Utica, New York, which was set to begin approximately July 2023. Because of the revocation of the Exemption, Kelberman Center withdrew its offer of an internship position. Plaintiff Browning was unable to secure placement at any other clinical training site in New York and consequently has been unable to complete the Capella PsyD degree program or seek New York State licensure.

93.    When the Exemption was revoked, Plaintiff Browning had performed approximately 800 hours of practicum clinical training, with approximately 200 hours remaining for full completion. The revocation of the Exemption foreclosed Plaintiff Browning's ability to fulfill the remaining requirements for degree completion and to seek New York State licensure: she was unable to sit for the Clinical Competency Evaluation (taken during the last quarter of the practicum), which is a Capella pre-requisite for approval to begin the dissertation writing process and was unable to complete the required 2,000 hours of internship clinical training in New York.

94.    Plaintiff Browning has paid approximately $150,000 in tuition and fees to pursue Capella's PsyD program. Plaintiff Browning reasonably relied on Defendants' misrepresentations and omissions regarding the ability of Capella PsyD candidates to perform the required practicum and internship hours in New York state in deciding to enroll and in choosing to remain a student at Capella. As a result of Defendant's fraudulent actions, misrepresentations and omissions, Plaintiff Browning was fraudulently induced to enroll at Capella and to continue attending Capella despite Defendants' knowledge that Plaintiff Browning would not qualify to complete the practicum and internship clinical training in New York state, for purposes of degree completion

and licensure, because the Exemption was revoked effective June 24, 2022.

95.    Plaintiff Browning would not have enrolled in the Capella Clinical PsyD program had she known that the ability of Capella PsyD candidates to fulfill their practicum and internship clinical training requirement in New York state was dependent on an Exemption that was subject to revocation by the New York State Legislature, and which was ultimately revoked.

**E.  Plaintiff Andria L. Connell**

96.    Plaintiff Andria L. Connell ("Plaintiff Connell") was a doctoral student in Capella's Clinical PsyD program who enrolled at Capella approximately April 2020. Prior to enrolling at Capella, starting approximately July 2019, Plaintiff Connell began researching the Clinical PsyD program on Capella's website and encountered several statements by Defendants that communicated the message that by enrolling in Capella's PsyD program, she would qualify to perform the practicum and internship clinical training hours required to complete the PsyD degree and to seek licensure in her home state.

97.    Prior to enrolling at Capella, starting approximately September 2019, Plaintiff Connell began communicating with Lead Enrollment Counselor Anthony Bryson and Enrollment Advisor Tammy Peterson, via telephone and email, about how her professional goals could be served by enrolling in the Capella PsyD program. During these telephonic and email communications, which occurred between September 2019 and January 2020, Plaintiff Connell communicated to Mr. Bryson and Ms. Peterson her goal to become licensed to practice clinical psychology in New York state. Mr. Bryson communicated to Plaintiff Connell that "Capella's PsyD curriculum aligned with the requirements for professional licensing in New York state" and that "Capella learners" are able to complete the required clinical training hours required for licensure in New York, as long as they "complete their internship and practicum at a site that

receives state funding," noting that "Capella's PsyD program [is] [d]esigned to prepare learners for license as Licensed Psychologist." In addition, during their email communications, Mr. Bryson provided Plaintiff Connell with a copy of the Capella PsyD in Clinical Psychology Course Alignment sheet, which reinforced the message that Capella's PsyD curriculum met the requirements for licensure in New York state and highlighted that Capella PsyD candidates would be able to complete the required clinical training provided the training site is "one that receives state funding." At no time during the telephonic and email communications with Mr. Bryson and Ms. Peterson prior to enrollment, was Plaintiff Connell informed that the ability of Capella PsyD candidates to perform the required practicum and internship in New York state was dependent on the Exemption, which was subject to periodic renewal by the New York State Legislature and which could be revoked before completion of the required practicum and internship hours required for degree completion and to seek New York state licensure.

98. In addition, prior to enrolling at Capella, on approximately January 31, 2020, Plaintiff Connell attended a required full-day in-person interview session in Chicago, Illinois, where she met with Capella faculty and staff to discuss the PsyD program and how it aligned with her professional goals. As part of the admissions process, Plaintiff Connell was required to write a Goal Statement, in which she discussed her desire to successfully complete the licensure requirements in New York State, to obtain a psychologist license. At the full-day admissions event, Plaintiff Connell was formally interviewed by Dr. Ivan Martinez, professor of psychology and Director of Clinical Training at Capella. During the interview, Dr. Martinez discussed Plaintiff Connell's goal of becoming a licensed clinical psychologist in New York state. Dr. Martinez informed Plaintiff Connell that "Capella PsyD candidates are qualified to become licensed in New York State provided that candidates secure placements at clinical training sites that receive State

funding" and noted that "Capella will provide you a list of sites that will qualify you for licensure." In addition, during their conversation, Dr. Martinez told Plaintiff Connell that she could likely complete her clinical training with her current employer, the New York Fire Department, as they receive State funding. At no point during the interview, did Dr. Martinez inform Plaintiff Connell that if she enrolled in Capella's PsyD program, her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, would depend on an Exemption that was subject to review and revocation by the New York State Legislature.

99.     Further, during her time enrolled as a PsyD candidate at Capella, Plaintiff Connell was assigned several Academic Advisors, including Aaron Goedtke, Michael Haugen and Chaz Diaz, with whom she communicated periodically, by email and telephone, about her professional goals and course progression. Plaintiff Connell discussed with Ms. Diaz and Messrs. Goedtke and Haugen her professional goal of becoming a clinical psychologist licensed in New York state. At no time during these communications, did Ms. Diaz or Messrs. Goedtke and Haugen inform Plaintiff Connell that her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022. In addition, Plaintiff Connell was assigned several Dissertation Mentors, including Dr. Weston Edwards and Dr. LaKeita Carter. Plaintiff Connell communicated with Dr. Edwards (via email and in-person during her residency held in Phoenix, Arizona approximately June 2021) and with Dr. Carter (via email and in-person during her residencies held in Denton, Texas approximately January 2022 and Jacksonville, Florida approximately August 2021) about her desire to become licensed in New York state. Both Dr. Edwards and Dr. Carter communicated to Plaintiff Connell the message that Capella PsyD candidates would qualify to

become licensed in New York state so long as they completed their clinical training at program sites that received New York State funding. At no time during these in-person communications did Drs. Edwards and Carter inform Plaintiff Connell that her ability to perform the required clinical training in New York state, for purposes of degree completion and licensure, was dependent on an Exemption that was subject to review and revocation by the New York State Legislature or that the Exemption had in fact been revoked effective June 24, 2022. Also, during the residency held in Jacksonville, Florida approximately August 2021, Plaintiff Connell met with Dr. Ja'Net Howard, Director of Clinical Training, who told her that "Capella students are able to seek state licensure in New York provided their internship sites are State funded."

100.    Prior to the revocation of the Exemption, Plaintiff Connell had been completing her practicum clinical training with the Brooklyn Center for Psychotherapy in Brooklyn, New York. In fact, Plaintiff Connell had already secured an internship position at this same clinical training site, which was set to begin upon completion of her practicum. Because of the revocation of the Exemption, Plaintiff Connell was not allowed to continue her clinical trainings at this site. Plaintiff Connell was unable to secure placement at any other clinical training site in New York and consequently has been unable to complete the Capella PsyD degree program or seek New York State licensure.

101.    When the Exemption was revoked, Plaintiff Connell had performed approximately 700 hours of practicum clinical training, with approximately 300 hours remaining for full completion. The revocation of the Exemption foreclosed Plaintiff Connell's ability to fulfill the remaining requirements for degree completion and to seek New York State licensure: she was unable to sit for the Clinical Competency Evaluation (taken during the last quarter of the practicum), which is a Capella pre-requisite for approval to begin the dissertation writing process

and was unable to complete the required 2,000 hours of internship clinical training in New York.

102.    Plaintiff Connell has paid approximately $140,000 in tuition and fees to pursue Capella's PsyD program. Plaintiff Connell reasonably relied on Defendants' misrepresentations and omissions regarding the ability of Capella PsyD candidates to perform the required practicum and internship hours in New York state in deciding to enroll and in choosing to remain a student at Capella. As a result of Defendant's fraudulent actions, misrepresentations and omissions, Plaintiff Connell was fraudulently induced to enroll at Capella and to continue attending Capella despite Defendants' knowledge that Plaintiff Connell would not qualify to complete the practicum and internship clinical training in New York state, for purposes of degree completion and licensure, because the Exemption was revoked effective June 24, 2022.

103.    Plaintiff Connell would not have enrolled in the Capella Clinical PsyD program had she known that the ability of Capella PsyD candidates to fulfill their practicum and internship clinical training requirement in New York state was dependent on an Exemption that was subject to revocation by the New York State Legislature, and which was ultimately revoked.

## CLASS ACTION ALLEGATIONS

104.    Plaintiffs bring this lawsuit individually and as a class action on behalf of all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), b(2), and/or (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

105.    The Class is defined as:

All current and former students at Capella University enrolled in the PsyD in Clinical Psychology or PsyD in School Psychology programs between 2018 through the present, and who were unable to complete the required practicum and internship clinical training hours in New York state for the purposes of degree completion and New York state licensure as psychologists due to the revocation of the Exemption set forth in N.Y. Educ. Law § 7605 (12).

106.    Plaintiffs reserve the right to amend or modify the Class definition after they have had an opportunity to conduct discovery.

107.    Numerosity: Fed. R. Civ. P. 23(a)(1). The Class is so numerous that the joinder of all members is unfeasible and not practicable. While the precise number of Class Members has not been determined at this time, upon information and belief, based on investigation by counsel, Plaintiffs believe that there are more than forty (40) potential Class members.

108.    Commonality: Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether the Defendants engaged in fraudulent and deceptive conduct by misrepresenting to Plaintiffs and Class Members that by enrolling in Capella's PsyD program they would be qualify to secure placement in practicum and internship sites in New York state, required for degree completion and state licensure.

b.    Whether the Defendants negligently misrepresented to Plaintiffs and Members of the Class that by earning a Capella PsyD degree, they would be eligible to become licensed psychologists in the state of New York.

c.    Whether the Defendants were unjustly enriched by charging tuition and fees to Plaintiffs and Class Members pursuing Capella PsyD degrees in New York state, all the while knowing but not disclosing that the Exemption which enabled Capella PsyD candidates to complete the required clinical training practicum and internship hours for purposes of New York state licensure was subject to periodic renewal, could be revoked before completion of the required practicum and internship hours required to seek New York state licensure and was revoked effective June 24, 2022.

d.     Whether Defendants' conduct alleged in this Complaint violated the New York Consumer Protection Act by failing to advise Capella PsyD candidates that the Exemption which enabled Capella PsyD candidates to complete the required clinical training practicum and internship hours for purposes of New York state licensure  was subject to periodic renewal, could be revoked before completion of the required practicum and internship hours required to seek New York state licensure, and was revoked effective June 24, 2022.

e.     Whether Defendants made material misrepresentations and omissions to Plaintiffs and Class Members about their ability to complete the practicum and internship clinical training hours in New York state for purposes of degree completion and licensure in New York state.

f.      Whether Defendants actively concealed from Plaintiffs and Class Members that the Exemption was revoked effective June 24, 2022, leaving Plaintiffs and Class Members unable to complete their required clinical training internship hours in New York state, and thus, unable to become licensed psychologists in New York state.

g.     Whether Defendants' representations regarding the ability of Capella PsyD candidates to become licensed in New York state and about the Exemption were knowingly false.

109.    Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have retained attorneys experienced in the prosecution of class actions and complex civil litigation, including litigation against for-profit universities, and Plaintiffs intend to prosecute this action vigorously.

110.    Predominance and Superiority: Plaintiffs and Class Members have all suffered

harm and damages as a result of Capella's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Absent a class action, Class Members' harms will continue to go unattended, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF G.B.L. § 349 ET SEQ.**
**(On Behalf of Plaintiffs and the Class)**

111.    Plaintiffs re-allege the allegations contained in the paragraphs above as though fully set forth herein

112.    NY GBL § 349 was enacted to protect consumers in New York from those that engage in deceptive or unfair acts or practices in the conduct of any business.

113.    At all relevant times, Defendant's conduct in the marketing, advertising and promotion of its Clinical PsyD and School Psychology programs were consumer-oriented practices within the meaning of G.B.L. §349, as they constituted the sale of educational products and/or services.

114.    G.B.L. §349 provides that it is unlawful to employ a deceptive act or practice in the conduct of any business, trade or commerce in this state.

115.    Defendants' misrepresentations and concealment of material facts, as set forth herein, were directed at consumers in New York state, including Plaintiffs and Class members,

Case 1:24-cv-03007-VEC    Document 1    Filed 04/19/24    Page 42 of 50

and constituted unconscionable commercial practices, deception, fraud, false pretenses, misrepresentations and/or knowing concealment, suppression, or omission in connection with the advertising, marketing and promotion of the Clinical PsyD and School PsyD programs and sale of Defendants' educational products and/or services.

116.    Defendants' practices violated G.B.L. § 349 in one or more of the following ways:

a.    Defendants misrepresented the ability of Plaintiffs and Class Members to complete the practicum and internship clinical training hours in New York state for purposes of degree completion and licensure in New York State,

b.    Defendants did not disclose that the Exemption that allowed Capella PsyD candidates to complete clinical training hours in New York state was subject to periodic renewal and could be revoked by the New York Legislature before completion of the required practicum and internship hours required to seek New York state licensure, and

c.    Defendants actively concealed that the Exemption was revoked by the New York Legislature effective June 24, 2022, leaving Plaintiffs and Class Members unable to complete their required clinical training internship hours in New York state, and thus, unable to become licensed psychologists in New York state.

117.    Defendants' misrepresentations and omissions of fact constitute violations of G.B.L. § 349.

118.    Defendants' conduct, as alleged herein, was likely to mislead a reasonable consumer, such as Plaintiffs and Class Members acting reasonably under the circumstances, into falsely believing that they would be able to pursue professional licensure as psychologists in the state of New York upon the completion of their Capella PsyD  program.

119.    Defendants engaged in the deceptive acts and practices in order to sell to Plaintiffs and Class Members their educational products and/or services.

120.    Defendants' misconduct was willful, intentional, or reckless.

121.    Defendants' unlawful conduct arose, was directed and emanated from New York to the great detriment and injury of the Plaintiffs Class Members.

122.    As a direct and proximate result of Defendants' deceptive acts and/or practices, Plaintiffs and  Class Members suffered injuries, including monetary loss.

123.    Based on Defendants' violations of NY GBL § 349 as alleged herein, Plaintiffs and Class Members are entitled to recover monetary damages, plus punitive damages, attorneys' fees and costs, and any other relief the Court deems appropriate.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF G.B.L § 350 ET SEQ.
### (On Behalf of Plaintiffs and the Class)

124.    Plaintiffs re-allege the allegations contained in the paragraphs above as though fully set forth herein.

125.    Defendants' misconduct, as set forth above, constitutes false advertising under G.B.L. § 350 *et seq.*

126.    At all relevant times Defendants have been engaged in the "conduct of . . . business, trade or commerce" within the meaning of G.B.L. § 350.

127.    GBL § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." NY GBL § 350-a(1) provides that "false advertising" is advertising that is "misleading in a material respect," and includes not only representations, "but also the extent to which the advertising fails to reveal facts material in light of such representations."

128.    Defendant's advertising was misleading in several material respects, including the

fact that Defendants provided, disseminated, marketed and otherwise distributed advertising materials and other information to Plaintiffs and Class Members, in both print and digital media including on the Capella website, social media platforms, brochures, student handbooks, among others,  that conveyed the messages that: (a) Capella Clinical PsyD and School PsyD candidates in New York  would qualify to complete the required practicum and internship clinical training hours at a program site in New York state, for purposes of degree completion and state licensure; and (b) failed to inform that completion of clinical training hours by Capella PsyD candidates in New York state was dependent an exemption that was subject to periodic review and could be revoked by the New York Legislature before completion of the required practicum and internship hours required for degree completion and to seek New York state licensure

129.    Plaintiffs and Class Members are consumers pursuant to GBL § 350.

130.    Defendant's misconduct, as alleged herein, affected public interest as it corroded public trust in educational institutions and hindered the ability of numerous aspiring psychologists from becoming licensed to render psychological services in New York, at a time when New York state, and the nation, faces a grave shortage of mental health professionals amid and a severe mental health crisis affecting many sectors in our society, including children and adolescents.

131.    As a direct and proximate result of Defendant's false advertising, Plaintiffs and Class Members suffered injuries, including monetary losses.

132.    Based on Defendants' violations of G.B.L. § 350 as alleged herein, Plaintiffs and Class Members are entitled to recover monetary damages, plus punitive damages, attorneys' fees and costs, and any other relief the Court deems appropriate.

## THIRD CAUSE OF ACTION
### FRAUD
### (On behalf of Plaintiffs and the Class)

133.    Plaintiffs incorporate by reference and re-allege the preceding paragraphs as if fully set forth herein.

134.    Defendants made material misrepresentations to Plaintiffs and Class Members about their ability to complete the practicum and internship clinical training hours in New York state for purposes of degree completion and licensure in New York State. Specifically Defendants misrepresented to Plaintiffs and Class Members that by virtue of their enrollment in the Capella PsyD program they would qualify to secure placement with a practicum or internship site in New York state and did not disclose that this was contingent on an Exemption that was subject to periodic renewal and could be revoked by the New York Legislature before completion of the required practicum and internship hours required for degree completion and to seek New York state psychology licensure.

135.    Further, Defendants actively concealed from Plaintiffs and Class Members that the Exemption was revoked effective June 24, 2022, leaving Plaintiffs and Class Members unable to complete their required clinical training internship hours in New York state, and thus, unable to become licensed psychologists in New York state.

136.    Defendants' representations conveyed the message that its PsyD students, enrolled in a program not registered with the Education Department as a PsyD program leading to licensure for practice in New York and not accredited by the APA, would be able to complete the required clinical trainings in New York state so long as **one** caveat was met: students would need to ensure their clinical training sites received New York State funding. This representation was false. Indeed another (undisclosed) material factor (outside of Capella PsyD students' control) would need to be

present: the continuation of the Exemption which was subject to revocation.

137.    When the representations were made, Defendants either knew that they were false or made the representations recklessly without knowledge of the truth and as a positive assertion.

138.    Defendants made the representations and omissions with the intent that Plaintiffs and Class Members should rely on them by enrolling in the Capella PsyD program and/or continuing their enrollment at doctoral candidates at Capella.

139.    Defendants had a duty to disclose to Plaintiffs and Class Members the omitted or concealed information regarding their ability to complete the required clinical training hours in New York state and about the Exemption, as set forth herein.

140.    Plaintiffs and Class Members justifiably relied on Defendants' material misrepresentations and omissions.

141.    Consequently, Plaintiffs and Class Members were not able to complete the required practicum and internship clinical training hours in New York state and were unable to complete their PsyD degree program and seek professional licensure to practice psychology in New York state.

142.    Plaintiffs and Class Members thereby suffered damages in an amount to be determined at trial.

<u>**FOURTH CAUSE OF ACTION**</u>
<u>**UNJUST ENRICHMENT**</u>
<u>**(On Behalf of Plaintiffs and the Class)**</u>

143.    Plaintiffs re-allege the allegations contained in the paragraphs above as though fully set forth herein.

144.    Defendants obtained benefits from Plaintiffs and Class Members in the form of monies paid for tuition, fees, and other costs associated with enrolling in and continuing to pursue

studies as PsyD candidates at Capella.

145.    Defendants misrepresented the ability of Plaintiffs and Class Members to complete the practicum and internship clinical training hours in New York state for purposes of degree completion and licensure in New York State and did not disclose that the Exemption that allowed Capella PsyD candidates to complete clinical training hours in New York state was subject to periodic renewal and could be revoked by the New York Legislature before completion of the required practicum and internship hours required to seek New York state licensure, and actively concealed that the Exemption was revoked by the New York Legislature effective June 24, 2022, leaving Plaintiffs and Class Members unable to complete their required clinical training internship hours in New York state, and thus, unable to become licensed psychologists in New York state.

146.    Defendants' representations, as set forth herein, were false.

147.    As such, retention of said benefits would be inequitable, where Defendants have been unjustly enriched through wrongfully obtaining benefits from Plaintiffs and Class Members by fraud and/or the taking of undue advantage.

148.    Plaintiffs and Class Members are therefore entitled to restitution and/or restoration for unjust enrichment and/or money had and received.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
**(On Behalf of Plaintiffs and the Class)**

149.    Plaintiffs re-allege the allegations contained in the paragraphs above as though fully set forth herein.

150.    As discussed above, Defendants misrepresented the ability of Plaintiffs and Class Members to complete the practicum and internship clinical training hours in New York state for purposes of degree completion and licensure in New York State and did not disclose that the

Exemption that allowed Capella PsyD candidates to complete clinical training hours in New York state was subject to periodic renewal, could be revoked by the New York Legislature before completion of the required practicum and internship hours required to seek New York state licensure and did not disclose that the Exemption was revoked by the New York Legislature effective June 24, 2022, leaving Plaintiffs and Class Members unable to complete their required clinical training internship hours in New York state, and thus, unable to become licensed psychologists in New York state.

151.    At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

152.    At a minimum, Defendant negligently misrepresented and/or negligently omitted material facts.

153.    The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class Members reasonably and justifiably relied, did induce Plaintiffs and Class Members in choosing to enroll in the Capella PsyD program and continue their enrollment at Capella.

154.    Plaintiffs and Class members would not have chosen to enroll in the Capella PsyD program if the true facts regarding the Exemption had been known to them.

155.    The negligent actions of Defendants caused damage to Plaintiffs and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs Nicole Der Boghossian, Andria L. Connell, Erica Browning, Alisha JnoBaptiste, and Denise Tejada, Individually and on Behalf of All Others Similarly Situated

respectfully request that:

(a) This matter be certified as a class action using the definition of "class" as set forth herein, that Plaintiffs be appointed class representatives, and that Plaintiffs' attorneys be appointed class counsel;

(b) That judgment be entered against Defendants in an amount be proven at trial for violations of New York statutory and common law, including for actual damages, punitive damages, treble damages, costs of suit, and attorneys' fees; and

(c) for such other damages, equitable relief, or other relief that the court may deem appropriate, including pre- and post-judgment interest.

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiffs, to Plaintiffs' causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, student files, memos, text messages, any and all online social or school related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: New York, New York
      April 19, 2024

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
1717 IH-35, Suite 305
Round Rock, Texas 78664
(512) 671-7277 – Telephone
(512) 238-0275 – Facsimile

By:   */s/ Luis Munoz*
       Luis Munoz
       LMunoz@carlsonattorneys.com

**THE FINK LAW FIRM, P.C.**
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 280-6600 – Telephone
(516) 506-7695 – Facsimile
By:   */s/ Steven M. Fink*
       Steven M. Fink
       SFink@thefinklawfirmpc.com

**ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASS**