Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103

troutman.com




MEMO ENDORSED

**Michael E. Baughman**
D 215.981.4964
F 215.827.5907
michael.baughman@troutman.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/24

August 8, 2024

**VIA ECF**

Hon. Valerie Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: Der Boghossian, et al. v. Capella University LLC, et al. 24-cv-03007 (S.D.N.Y.)**

Dear Judge Caproni:

This firm represents Defendants Capella University LLC and Strategic Education, Inc. (collectively, "Capella") in this action. Following up on the status conference with the Court held on July 12, 2024, and consistent with this Court's comments that discovery in this action should wait until Plaintiffs have established a viable claim, we write to request a stay of discovery pending resolution of Capella's forthcoming motion to dismiss Plaintiffs' First Amended Complaint (the "Amended Complaint") in its entirety. *See* Individual Practices in Civil Cases § 2(A). Plaintiffs have indicated that they do not consent to the relief sought in this letter.

## I. Brief Background

Plaintiffs filed this putative class action on April 19, 2024, challenging Capella's alleged failure to disclose that one of the provisions of a New York statute allowing Capella learners to perform clinical training in the State was, according to Plaintiffs, "subject to periodic review and renewal by the New York State Legislature and . . . could be repealed." ECF No. 1, Complaint, ¶ 9. The Complaint asserted claims under New York's consumer-protections laws, as well as claims for fraud, negligent misrepresentation, and unjust enrichment. *See id.* ¶¶ 111–55. On June 17, 2024, Capella filed a motion to dismiss the Complaint in its entirety, ECF No. 19, explaining, among other things, that an alleged failure to disclose public information that Plaintiffs themselves could reasonably access is not a basis for liability under New York law, *see* ECF No. 21 at 11–25.

On July 3, 2024, the parties submitted a joint report to the Court in advance of the initial pretrial conference. ECF No. 26. In that report, Plaintiffs stated that they did not intend to file a




response to Capella's motion to dismiss and would instead file an amended pleading to supposedly "clarify" Capella's disclosure obligations under various regulations not at issue in, or relevant to, this case. *Id.* at 2. Defendants, in turn, explained that all discovery in this matter should be stayed for a limited period pending this Court's resolution of Defendants' motion to dismiss. *Id.* at 4.

This Court held a pretrial conference on July 12, 2024. During the conference, the Court raised questions about whether Plaintiffs had stated a viable claim, including based on the information Plaintiffs claimed they intended to include in a proposed amended complaint. Defendants explained that they intended to file a renewed motion to dismiss. The Court indicated that while it wished to review the Amended Complaint, it was of the view that, based on the information then before the Court, discovery should not proceed until Plaintiffs established a viable claim.

On July 15, 2024, Plaintiffs filed the Amended Complaint. ECF No. 28. In addition to adding a new plaintiff not named in the initial filing, the Amended Complaint adds several pages of material quoting various regulations that have no bearing on the claims alleged in this lawsuit. *See generally id.* The amendments, which are almost entirely legal conclusions rather than factual allegations, do not in any way address the fact that Plaintiffs had equal access to the laws Plaintiffs say Capella failed to disclose and could not, therefore, have been misled. In light of Plaintiffs' filing, the Court denied Capella's pending motion to dismiss as moot. ECF No. 29. The parties thereafter negotiated a briefing schedule for a renewed motion, which Capella submitted to this Court via letter motion dated July 22, 2024. ECF No. 30. The Court granted the letter motion that same day, ECF No. 31, with Capella's motion to dismiss the Amended Complaint due on August 23, 2024, *id.*

Following this Court's initial pretrial conference, and notwithstanding the Court's comments during the pretrial conference, Plaintiffs represented to Capella that they intend to commence discovery now, before this Court has an opportunity to adjudicate Capella's forthcoming motion to dismiss. Given Plaintiffs' position, Capella files this letter motion requesting a brief stay of discovery pending a ruling on Capella's forthcoming motion to dismiss.

## II. Standard of Review

Under Fed. R. Civ. P. 26(c), this Court "has considerable discretion to stay discovery" for good cause shown. *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, 2014 WL 12993447, at *1 (S.D.N.Y. Oct. 20, 2014) (Caproni, J.) (citation omitted). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see Boelter v. Hearst Comm'ns, Inc.*, 2016 WL 361554, at *5–6 (S.D.N.Y. Jan. 28, 2016) (entering stay during pendency of motion to dismiss putative class action). In considering whether to grant a stay of discovery, courts consider the




strength of the dispositive motion, the "breadth of discovery" sought, and any "prejudice" that would result. *See Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted) (staying discovery pending resolution of motion to dismiss); *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (same); *In re Commodity Exch., Inc.*, 2014 WL 12993447, at *1 (same). For the reasons explained below, Capella has demonstrated good cause for a brief stay of discovery in this case.

**III. A Stay of Discovery Is Warranted Here**

A brief stay of discovery is warranted in this case, as each of the relevant factors—the strength of Capella's forthcoming dispositive motion, the undue burden that Capella will suffer if it must proceed with discovery prior to a ruling on its motion to dismiss, and the absence of any unfair prejudice to Plaintiffs—favors a stay.

First, Capella has already filed a strong dispositive motion that prompted Plaintiffs to amend their pleading, and will file a similarly strong renewed dispositive motion. This "strength of the motion" factor requires the movant to show "substantial arguments for dismissal." *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citation omitted). Courts have, accordingly, granted a discovery stay where the defendant has filed a motion to dismiss that "is potentially dispositive, and appears to not be unfounded in law." *Id.* (citation omitted); *see Spencer Trask*, 206 F.R.D. at 368; *Miller*, 2020 WL 7483945, at *2. Here, Capella filed a motion on June 17, 2024, identifying serious, fatal flaws in Plaintiffs' claims. *See* ECF Nos. 19, 22. As Capella explained, Plaintiffs' theory of the case appears to be that Capella violated the consumer protection laws and committed various torts by allegedly failing to disclose that one of the provisions of a New York statute allowing Capella learners to perform clinical training in the State was "subject to periodic review and renewal by the New York State Legislature and . . . could be repealed." ECF No. 1, ¶ 9. However, an alleged failure to disclose public information is not actionable under the causes of action alleged in Plaintiffs' complaint, and, indeed, Plaintiffs themselves acknowledged that they had reviewed New York's licensing requirements prior to enrolling. *See, e.g.*, ECF No. 21 at 12–22. Implicitly recognizing the strength of Capella's legal arguments, Plaintiffs filed the Amended Complaint. But Capella's arguments for dismissal will be just as compelling in the context of this amended pleading. This is because the Amended Complaint fails to offer any new factual allegations to support Plaintiffs' theory of the case. Instead, the Amended Complaint just quotes extensively from various regulations that have no bearing on the specific claims alleged in this lawsuit and are better suited to appear in a legal brief than a complaint. *See generally* ECF No. 28. Moreover, Plaintiffs do not assert any claims under these regulations and these regulations do not change the fact that an alleged failure to disclose public information cannot ground the claims asserted in this lawsuit. *See* ECF No. 21 at 12–22. Because Capella's forthcoming motion to dismiss the Amended Complaint will raise substantial arguments to dismiss Plaintiffs' claims in their entirety, a stay is merited.



Second, Capella will be unduly burdened if it must proceed with discovery before this Court has an opportunity to rule on its forthcoming motion to dismiss. Capella's forthcoming motion will seek "dismissal of the entire complaint on multiple grounds, and if granted, any discovery . . . conducted in the interim w[ill be] without purpose." *Mineo v. Town of Hampstead*, 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023). Absent a discovery stay, Capella will need to expend significant time and resources negotiating over the scope of discovery and conducting discovery before this Court has an opportunity to rule on whether Plaintiffs' claims are legally viable. *See In re Commodity Exch., Inc.*, 2014 WL 12993447, at *1. That discovery will be especially resource-intensive in this case, where Plaintiffs are pursuing a putative class action, and Plaintiffs have suggested they intend to seek extensive discovery. Courts regularly issue brief discovery stays in similar contexts to avoid undue burden to a defendant while the court considers a dispositive motion, *see, e.g.*, *Sharma*, 345 F.R.D. at 568 (entering stay during pendency of motion to dismiss putative class action); *Boelter*, 2016 WL 361554, at *5–6 (same), in recognition of the "likelihood that [a lawsuit] may be significantly reshaped following [a] motion[ ] to dismiss," *In re Commodity Exch., Inc.*, 2014 WL 12993447, at *1.

Finally, Plaintiffs will suffer no prejudice from a brief stay pending this Court's ruling on Capella's forthcoming motion to dismiss. The stay in question will be limited: Capella will submit its motion to dismiss on or before August 23, 2024, and the briefing on the motion will close on or before October 11, 2024. ECF No. 31; *see Spencer Trask*, 206 F.R.D. at 368; *Miller*, 2020 WL 7483945, at *2. As this Court has held, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Broccoli v. Ashworth*, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (citation omitted). Indeed, if such a brief delay could constitute prejudice, "stays of discovery would never be granted given that some delay is inherent in any stay." *Id.* Further, the motion to dismiss will resolve the entire action and, "generally, a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Dunning v. Supergoop, LLC*, 2024 WL 2326082, at *2 (S.D.N.Y. May 22, 2024) (citation omitted). In sum, the brief stay that Capella seeks to allow this Court to resolve Capella's motion, which will likely resolve this entire lawsuit, could not possibly prejudice Plaintiffs. As such, this Court should grant Capella's request for a discovery stay.

We thank the Court for its consideration of Capella's request.

Respectfully submitted,

Michael E. Baughman

MEB

cc: all counsel of record (via ECF)

Application GRANTED. Discovery is STAYED pending Defendants' anticipated Motion to Dismiss the Amended Complaint.

8/8/24

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE