**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NICOLE DER BOGHOSSIAN, ANDRIA L.
CONNELL, ERICA BROWNING, ALISHA
JNOBAPTISTE, DENISE TEJADA, and
SASHAUNA TAYLOR, individually and on
behalf of all others similarly situated,

Plaintiffs,

-against-

CAPELLA UNIVERSITY, LLC and STRATEGIC
EDUCATION, INC.

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:_10/28/2025_

Civil Action No.: 1:24-cv-03007-VEC

Honorable Valerie E. Caproni

**STIPULATION AND**
**PROTECTIVE ORDER**

WHEREAS, Plaintiffs Nicole Der Boghossian, Andria L. Connell, Erica Browning, Alisha

JnoBaptiste, Denise Tejada, and Sashauna Taylor and Defendants Capella University, LLC

("Capella") and Strategic Education, Inc. ("Strategic") (individually, a "Party" and collectively,

the "Parties") acknowledge that discovery in this case may involve confidential information,

including confidential medical information and financial data; and

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal

Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential

material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored

confidentiality order governing this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order

("Protective Order") shall adhere to the following terms:

**A.    Definitions**

1.    The term "Document" shall have the meaning provided in Rule 34 of the Federal Rules of Civil Procedure and any applicable local rule, and encompasses any and all writings of any kind, including, without limitation, letters, memoranda, notes, transcripts, computer tapes, discs, printouts, cartridges, recordings, e-mail messages and attachments, text messages, and all similar materials, whether electrically, mechanically, or manually readable.

2.    The term "Discovery Materials" means all products of discovery and all information derived therefrom, including, but not limited to, all originals and copies of Documents, objects, or things, deposition transcripts, responses to written discovery, information, or other written, recorded, or graphic matter produced by a Party to this litigation or third party who has signed onto this Protective Order in the course of this Litigation.

3.    The term "Confidential" means any information that may properly be designated confidential pursuant to Fed. R. Civ. P. 26, and applicable case law, including, but not limited to, financial data.

4.    The term "Confidential Discovery Materials" means all Documents or Discovery Materials produced or discovered in this Litigation that are designated Confidential based on the criteria below.

5.    The term "Litigation" shall mean the above-styled case including its appeal.

**B.    Scope of Order**

1.    This Protective Order applies to all Discovery Materials.

2.    The Parties will voluntarily abide by this Protective Order between the time it is signed by the parties and the time it is entered by the Court.

3.    This Protective Order shall be understood to encompass not only those items or things which are expressly designated as Confidential, but also all copies, excerpts, and summaries

2

thereof, as well as those portions of testimony and oral communications containing Confidential

Discovery Materials or information derived therefrom.

4.      The terms of this Protective Order shall in no way affect the right of any Party: (a)

to withhold information on appropriate grounds such as, for example, attorney/client privilege or

work product; (b) to make other valid objections to production of materials; or (c) to make any use

of its own Discovery Materials that it produces in the course of discovery.

5.      Producing or receiving Confidential Discovery Materials, or otherwise complying

with the terms of this Protective Order, shall not: (a) prejudice the rights of a Party to apply to the

Court for further protective orders; or (b) prevent the Parties from agreeing in writing to alter or

waive the provisions or protections provided for herein with respect to any particular information

or material.

6.      The Court retains the right to allow disclosure of any subject covered by this

Protective Order or to modify this Protective Order at any time in the interest of justice.

### C.      Use of Discovery Materials

1.      All Discovery Materials produced in connection with this Litigation that are

designated as Confidential shall be used by the receiving party solely for the purpose of pursuing

the claims or defenses at issue in this Litigation, including an appeal, if any, and for no other

purpose.

2.      Whether or not marked Confidential, the parties agree that any information

exchanged in discovery in this case will be used solely for purposes of this litigation and will not

be shared with third parties except for purposes of prosecuting or defending this litigation.

3.      Capella intends to produce Plaintiffs' own records, including communications

associated with Plaintiffs' Capella student email accounts, in unredacted form.  These documents

may include personally identifiable information concerning Plaintiffs or other individuals who

have information in Plaintiff's emails.  Plaintiffs agree that they are responsible for protecting the privacy of such information which may reside in their emails, including any information about third parties.  Plaintiffs further agree that, to the extent that any of Plaintiffs' records produced by Capella are submitted to this Court, Plaintiffs shall redact personally identifiable information from the document to comply with Fed. R. Civ. P. 5.2.

       **D.**      **Designation of Confidential Discovery Materials**

       1.      Counsel for the producing party may designate Documents as Confidential by placing the notation "Confidential" or "Confidential – Subject to Protective Order" on every page of each Document so designated or, in the case of confidential information disclosed in a non-paper medium (e.g., electronically stored information produced in native format, video tape, audio tape, computer disks, etc.) ("Computerized Materials"), the notation "Confidential" or "Confidential – Subject to Protective Order" shall be affixed to the outside of the medium or its container. The stamp shall be affixed in such a manner as not to obliterate or obscure any written material. If a Party is unable to affix a stamp of confidentiality directly on a Document, the Party may designate the material as Confidential by way of a cover letter preceding the production of the Document in question. Documents or Computerized Materials marked as Confidential shall be referred to as "Confidential Discovery Materials." Confidential Discovery Materials so designated shall be treated as such by all non-producing Parties to this action unless the Court shall rule otherwise.

       2.      The designation by any producing party of any Confidential Discovery Materials shall constitute a representation that such Document has been reviewed by a representative of the designating Party and that there is a good faith belief that such designation is valid.

3.      The Parties may designate any documents that have already been produced as Confidential by identifying in a letter to opposing counsel those documents, by bates number, that the Party claims are confidential.

4.      In the event that a producing party elects to produce Documents for inspection, and the receiving party elects to inspect them before designating any such Documents for copying, all such Documents shall be treated as Confidential Discovery Materials during the pendency of any inspection period. Upon selection of specific Documents for copying and production, the producing party may affix the appropriate confidentiality designation. Any information learned, transcribed, or noted by the receiving party from Documents inspected but not designated for copying shall be maintained as Confidential Discovery Material, if that document inspected is designated as "confidential" even if it is not copied.

5.      Whenever any Party to whom Computerized Material designated as Confidential is produced reduces such material to hard copy form, such Party shall mark the hard copy form with the appropriate confidentiality designation on every page of each document.

**E.      Non-Disclosure of Confidential Discovery Materials**

1.      Except with the prior written consent of the Party or other person originally producing Confidential Discovery Materials, or as hereinafter provided under this Protective Order, no Confidential Discovery Materials, or any portion thereof, may be disclosed to any person except as set forth in section F below. However, nothing in this Protective Order shall limit any Party's ability to use or disclose any Confidential Discovery Materials produced, generated, or authored by that Party.

2.      If any party or counsel learns, by inadvertence or otherwise, that Confidential Materials have been disclosed to anyone under any circumstance not authorized by this Order, that person must immediately: (1) notify the designating party by phone and email; (2) use its best

efforts to retrieve all unauthorized copies of the Confidential Material; (3) inform the person to whom the unauthorized disclosures were made of all of the terms of this Order; and (4) request that such person abide by the conditions of this Order.

      F.      **Permissible Disclosures of Confidential Discovery Materials**

      1.      Notwithstanding section E above, Confidential Discovery Materials may be disclosed to and used only by:

      (a)      The named Parties and counsel of record for the Parties in this Litigation and to his/her partners, associates, paralegals, secretaries, law clerks, legal assistants, and employees to the extent considered reasonably necessary to render professional services in the Litigation;

      (b)      inside counsel of the Parties and their paralegals and staff and any insurer;

      (c)      any employee of a Party, but only to the extent considered necessary for the preparation and trial or depositions in this action; and

      (d)      court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court, or any mediator agreed upon by the Parties);

      (e)      any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

      (f)      outside consultants or outside experts consulted or retained for the purpose of assisting counsel in this Litigation;

      (g)      employees of counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

(h)    employees of third-party contractors performing one or more of the functions set forth in subparagraph (g) above;

(i)    any other person consented to by the producing party.

2.    Before any person identified in subparagraphs (f) through (i) is given access to Confidential Discovery Materials, that person shall be furnished with a copy of this Protective Order and shall sign a Confidentiality Agreement in the form attached hereto as Exhibit A ("Agreement"). The originals of such Agreements shall be maintained by outside counsel of the receiving party until the final resolution of this Litigation. Such Agreement shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

3.    At the request of a non-party subpoenaed by a Party in this action, this Protective Order shall apply to the documents, information, and testimony discovered from that non-party. Following any such request, the term "Party" as used in this Protective Order shall be interpreted to include such subpoenaed non-party so that the subpoenaed non-party receives the protections contemplated by this Protective Order with respect to Confidential Material produced by that non-party. Any third party so designating materials, however, submits to the jurisdiction of this Court for any discovery issues that may arise.

**G.    Confidential Discovery Materials Offered as Evidence at Trial**

1.    Confidential Discovery Materials and the information therein may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives at least forty-eight hours' notice to counsel for the Party or other person that designated the discovery materials or information as Confidential.

H. **Confidential Discovery Materials in Depositions**

1.       Counsel for any Party may show Confidential Discovery Materials to a deponent during deposition. While a deponent is being examined about any Confidential Discovery Materials or the confidential information contained therein, persons to whom disclosure is not authorized under this Protective Order shall be excluded from being present. The witness shall not be permitted to take any documents from the deposition.

2.       Parties may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as Confidential. Confidential Discovery Materials within the deposition transcript may be designated by identifying the testimony by page and line number or underlining the portions of the pages that contain said information and marking such pages "Confidential" or "Confidential – Subject to Protective Order." Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as Confidential under this Protective Order. If no Party or deponent timely designates confidential information in a transcript as Confidential, then none of the transcript or its exhibits will be treated as Confidential. If a timely designation is made, the Confidential portions and exhibits shall be treated as Confidential pursuant to the terms of this Protective Order. If a party intends to file with this Court deposition transcript pages and exhibits designated as confidential, the parties agree to meet and confer in advance regarding seeking leave of Court to file such documents under seal and otherwise comply with Paragraph C(5).

3.       Unless otherwise agreed to by the Parties, Court reporters shall be instructed to transcribe non-party students' names by their initials only.

I. **Inadvertent Failure to Designate**

1.       Inadvertent failure to designate materials produced as Confidential may be corrected at any time by written notice, which designation shall operate prospectively pursuant to

the terms of this Protective Order. Such inadvertent failure shall not constitute a waiver of any party's rights under this Protective Order. The information shall be treated by the receiving party as Confidential Discovery Materials from the time the receiving party is notified in writing of the change in the designation.

**J.**     **Non-Waiver Pursuant to Federal Rule of Evidence 502(d)**

1.     The production of Documents, electronically stored information ("ESI"), or other material subject to the attorney-client privilege or work product doctrine ("Privileged Information"), whether inadvertent or otherwise, does not constitute a waiver of any applicable privilege or protection from discovery in this action or in any other federal or state proceeding.

(a)     If a receiving party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the producing party, and identify the document in question, within ten (10) business days of such discovery.

(b)     Upon discovery by a producing party (whether by notice from the receiving party, or otherwise) that it did or may have produced Privileged Information, the producing party shall, within ten (10) days of such discovery, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving party. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; (ii) identify the basis on which the privileged information should have been withheld from production; and (iii) provide a privilege log entry for each identified document or a cross reference to an existing privilege log entry for such documents. The requirements in this paragraph apply equally to instances in which a producing party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this protocol, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.

(c)     Upon receipt of a Clawback Letter, the receiving party shall promptly destroy, delete, or return all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving party plans to challenge the claim of privilege. The receiving party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

(d)     If a receiving party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing party and provide the basis for disputing the privilege claim in writing. The producing party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the parties shall meet and confer in a good faith attempt to resolve the dispute.

(e)     In the event that the parties do not resolve their dispute, the receiving party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers. This in camera submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than thirty (30) days after the parties meet and confer. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the parties. The obligations of the parties set forth in this section apply irrespective of the care taken by the producing party to prevent inadvertent disclosure.

(f)     Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving party may challenge the assertion of any privilege or protection by the producing party.

(g)     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

(h)     Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product privilege or other applicable privilege or immunity designation by submitting a written challenge to the Court, but such a challenge does not relieve a receiving party of its obligation to destroy, delete, or return materials pursuant to sub-part (c) above, and the receiving party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials. If the receiving party submits such a challenge to the Court, the producing party must promptly present the material to the Court under seal for a determination of the claim.

(i)     The receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court.

(j)     In addition to any other obligation to preserve documents, the producing party must preserve any documents recalled under this Paragraph for the duration of this litigation.

**K.**     **Challenge to Confidential Designation**

1.     Should counsel for any of the receiving parties object to the designation by the producing party of any particular material as Confidential, such counsel at any time may notify counsel for the producing party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been classified improperly and the basis for his or

her contention that said Document should not be designated as Confidential. Upon receipt by the producing party of such written objection, counsel for the producing party shall then have a reasonable time, but in no event longer than ten (10) business days after receipt of a challenge notice to advise the receiving party of the specific reasons for its claim of confidentiality, and whether or not it will change the designation. Counsel shall negotiate in good faith to resolve the dispute as to the designation.

2.      If counsel are unable to agree upon the handling of the disputed material, the designating Party shall then have ten (10) business days to move the court for an order preserving the designated status of the disputed information. The designating party shall have the burden of proof on such motion to establish the propriety of its designation. During the pendency of any such objection, dispute, or motion, the material in question shall be handled as Confidential. Failure to move for an order shall constitute a termination of the status of such item as Confidential Discovery Material.

**L.      Filing Documents with the Court**

1.       In the event a Party intends to file with this Court documents containing or referring to Confidential Discovery Material, the Parties agree to meet and confer in advance regarding seeking leave of Court to file such documents under seal and, if necessary, agree to redact the Confidential Discovery Material or file the Confidential Discovery Material under seal in accordance with the procedures set forth in Rule 5 of this Court's Individual Rules and Practices in Civil Cases.  The Parties acknowledge their burden to explain why sealing is appropriate in light of the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

In preparing courtesy copies or otherwise delivering physical copies of Documents containing Confidential Discovery Material that are sealed by Court order to the Court, the

Documents containing Confidential Discovery Material shall be delivered in an envelope or container on the face of which shall be stamped the following:

**CONFIDENTIAL**

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated _____, shall not be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

2.      Confidential Discovery Material shall be kept under seal until further order of the Court; however, Confidential Discovery Material filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Confidential Discovery Material contained therein under the terms of this Protective Order.

M.      **Non-Termination at Conclusion of Litigation**

1.      Within sixty (60) calendar days after final judgment in this Litigation, including any expiration of the timeframe to appeal, the exhaustion of any appeal, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Protective Order shall destroy, delete, or return to the producing party all materials and documents containing Confidential Discovery Material, and certify to the producing party such destruction, deletion, or return.

2.      Nothing in this Protective Order shall prevent counsel for the receiving party from retaining attorney work product such as any summaries or other documents or writings prepared by or for said counsel that contain or refer to Confidential Discovery Material, provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in this Protective Order. The provisions of this Protective Order shall not terminate upon the conclusion of this Litigation. Nothing in this Protective Order shall prevent any

Party from retaining their own Confidential Discovery Material beyond the confines of Subsection N(1) just because it was produced by the other Party with such confidential designation.

3.      Neither the final resolution or termination of this Litigation nor the termination of employment of any person who has access to any Confidential Discovery Materials shall relieve such person from the obligation of maintaining the confidentiality of such information.

**N.      <u>Remedies</u>**

1.      All remedies available to any Party injured by a violation of this Protective Order are fully reserved.

2.      Any Party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

*[Signature Page Follows]*

14

Dated:  October 27, 2025

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
559 S. IH-35, STE. 250
Round Rock, Texas 78664
(512) 671-7277 – Telephone
(512) 238-0275 – Facsimile

/s/ *John R. Fabry*
John R. Fabry
JFabry@carlsonattorneys.com
Morgan Ferrell (*admitted pro hac vice*)
MFerrell@carlsonattorneys.com

**THE FINK LAW FIRM, P.C.**
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 280-6600 – Telephone
(516) 506-7695 – Facsimile

/s/ *Steven M. Fink*
Steven M. Fink
SFink@thefinklawfirmpc.com

*Attorneys for Plaintiffs and the Proposed
Class*

Respectfully submitted,

/s/ *Michael E. Baughman*
Michael E. Baughman
Daniel J. Boland (*admitted pro hac vice*)
Kaitlin L. O'Donnell (*admitted pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone:215.981.4000
michael.baughman@troutman.com
daniel.boland@troutman.com
kaitlin.odonnell@troutman.com

*Attorneys for Defendants Capella University, LLC
and Strategic Education, Inc.*

**SO ORDERED:**

_____
Hon. Valerie Caproni
United States District Judge

October 28, 2025

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NICOLE DER BOGHOSSIAN, ANDRIA L. CONNELL, ERICA BROWNING, ALISHA JNOBAPTISTE, DENISE TEJADA, and SASHAUNA TAYLOR, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

CAPELLA UNIVERSITY, LLC and STRATEGIC EDUCATION, INC.

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.: 1:24-cv-03007-VEC

Honorable Valerie E. Caproni

**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Confidential Discovery Materials as defined in the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned action (hereinafter the "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Discovery Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned Litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated such information as Confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all Confidential Discovery Materials in a secure manner, and that all such documents and materials are to remain in my personal custody until the

completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Discovery Materials are to be returned to counsel who provided me with such documents and materials.

Dated:_____        By:    _____

                                      Title:  _____